IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
MARY F. NOVOTNY                              CV 06-1198-MA

        Plaintiff,                           AMENDED OPINION
                                                   AND ORDER
v.                                      [address correction for
                                           plaintiff's counsel]
MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


ALAN STUART GRAF
P. O. Box 98
Summertown, TN  38483
(931-964-3123)

        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053
```

1 - AMENDED OPINION AND ORDER

JEFFREY H. BAIRD
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2205

      Attorneys for Defendant

MARSH, Judge.

    Plaintiff Mary F. Novotny seeks judicial review of a final decision of the Commissioner issued on June 19, 2006, denying her appeal of an Administrative law Judge's (ALJ) decision not to reopen her prior May 20, 1983, application for disability insurance benefits (benefits) under Title II of the Social Security Act, 42 U.S.C. §§ 401-33.  This court has jurisdiction under 42 U.S.C. § 405(g).

    For the reasons that follow, the court REVERSES the final decision of the Commissioner and REMANDS this action for an award of benefits in accordance with plaintiff's May 20, 1983, disability application.

## BACKGROUND

    Plaintiff suffers from Parkinson's disease. She filed an application for benefits on May 20, 1983, alleging a disability onset date of March 22, 1983, which was subsequently changed without objection to May 20, 1983.  The Administrative Law Judge denied the application on October 22, 1984.  Plaintiff did not appeal.

2 - AMENDED OPINION AND ORDER

Plaintiff filed a second application for benefits on April 22, 2002, alleging the same onset date of May 20, 1983. On May 26, 2004, the ALJ found plaintiff was disabled as a result of Parkinson's disease as of May 20, 1983.  The ALJ, however, refused to reopen the May 1983 application.  The ALJ's ruling effectively limited plaintiff's entitlement to benefits retroactive to April 2001, a year before plaintiff filed her second application, rather than retroactive to May 1983, the onset date of her disability.  See 20 C.F.R. § 404.621(a)(1)("If you file an application for disability benefits, . . . you may receive benefits for up to 12 months before the month in which your application is filed."

## DISCUSSION

There is no dispute plaintiff has been disabled since May 20, 1983, because of Parkinson's disease.  The only issue is whether the Commissioner erred in affirming the ALJ's conclusion that plaintiff's original 1983 disability application should not be reopened and was not reopened *de facto* for purposes of determining the starting date for the payment of benefits.

**Applicable Standards.**

Substantial Evidence.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

3 - AMENDED OPINION AND ORDER

supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

*Res Judicata* - Reopening Prior Disability Determination.

Ordinarily, a final decision of the Commissioner denying an application for benefits is *res judicata*. Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1996). As such, this court generally lacks jurisdiction to review the Commissioner's final decision not to reopen a claimant's prior disability determination. Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985)("[T]he Secretary's decision not to re-open a previously adjudicated claim for social security benefits is purely discretionary and is therefore not considered a final decision within the meaning of 405(g).").

"[T]he principle of *res judicata*, however, should not be rigidly applied in administrative proceedings." Lester, 81 F.3d at 827. Accordingly, the court may review the Commissioner's decision not to reopen a prior application where the claimant presents "a colorable constitutional claim of [a] due process violation that implicates a due process right either to a

4 - AMENDED OPINION AND ORDER

meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination. Rolen v. Barnhart, 273 F.3d 1189, 1991 (9th Cir. 2001).

The court may also review whether the ALJ *de facto* reopened the earlier application by considering medical evidence dating from the prior adjudicated period for purposes of determining the claimant's disability. Lewis v. Apfel, 236 F.3d 503, 510 (9th Cir. 2001).

**Analysis.**

    a. Due Process Violation.

Plaintiff failed to appeal the Commissioner's original denial of her 1983 application for benefits. Plaintiff, however, contends she did not receive an adequate notice of her right to seek reconsideration of the denial of her benefits, which resulted in a violation of her Fifth Amendment due process rights. Plaintiff first raised the constitutional issue with the ALJ when, in her 2002 application, she requested the ALJ to reopen the denial of her 1983 application. The ALJ refused to reopen the earlier application on the grounds that plaintiff (1) did not present evidence that she received a defective notice, and (2) even if the notice was defective, the evidence reflected plaintiff did not want to appeal the original denial of benefits.

In <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1200 (9th Cir. 1990), the Ninth Circuit held the notice by the Commissioner of a denial of a May 1983 application for disability benefits violated the claimant's Fifth Amendment due process rights because it did not "clearly indicate that if no request for reconsideration is made, the determination is final."

In response to the holding in <u>Gonzales</u>, the Commissioner issued Acquiescence Ruling AR 92-7(9), directing that a claimant who received a defective adverse determination letter, as described in <u>Gonzales</u>, following a pre-1991 application for benefits, and who filed a subsequent application, was entitled to have the earlier application reopened.  In addition, the Commissioner also promulgated SSR 95-1p(a)B, whereby any initial or reconsideration determination issued by the Commissioner from 1977 to 1990 is presumed to be covered by AR 92-7(9) "absent evidence to the contrary."

The Commissioner concedes the ALJ erred in placing the burden on plaintiff to prove she received a defective notice. Nevertheless, the Commissioner contends the ALJ was correct in determining plaintiff failed to present any evidence that she relied on the defective notice in deciding not to appeal the denial of her first application.  Indeed, in his findings, the ALJ recounted evidence from plaintiff's husband that plaintiff only reluctantly filed her application in 1983 and, after the

application was denied, she was not interested in seeking reconsideration.

I am not persuaded, however, that the husband's testimony regarding plaintiff's state of mind is substantial evidence and therefore probative of the issue because the husband also stated he had no conversation with plaintiff about appealing the original denial of benefits. Nevertheless, the record does not disclose that plaintiff relied on the defective notice in making her determination not to appeal.

On this record, I conclude the ALJ was not required to reopen and reconsider the merits of plaintiff's 1983 application.

b. *De Facto* Reopening.

As noted, a *de facto* reopening may occur if the ALJ considers evidence from the prior adjudicated period to make a disability determination. Here, the ALJ found plaintiff has been disabled since May 20, 1983. The record on plaintiff's April 2002 application includes medical records dating from 1976 through October 1983, which make clear plaintiff had Parkinson's disease during at that time. In addition, the record includes a doctor's opinion in a September 1984, report stating plaintiff would have difficulty working for more than half a day at a time. That report was made before the ALJ issued his opinion denying plaintiff's first application for disability benefits in October 1984.

7 - AMENDED OPINION AND ORDER

On this record, I find the ALJ made his determination that plaintiff was disabled as of May 1983 by relying, in part, on medical evidence from the prior adjudicated period and, as a result, I also find the ALJ *de facto* reopened the denial of plaintiff's May 1983 application for benefits.  See Lewis, 236 F.3d at 510 (the ALJ *de facto* reopened the prior disability claim by considering evidence on a subsequent claim that had been part of the record on the prior claim).

## CONCLUSION

For the above reasons, the court REVERSES the final decision of the Commissioner that plaintiff is not disabled and, therefore, is not entitled to benefits, and REMANDS the matter to the Commissioner for an award of benefits consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 4th day of June, 2007.

                                                  /s/   Malcolm F. Marsh
                                                  Malcolm F. Marsh
                                                  United States District Judge